SMITH H. GRIFFIN, plaintiff in error, *s.* EDWARD H. EVANS, defendant in error.

When a negotiable note is pleaded as a set-off, the presumption is, that the defendant was the *bona fide* holder, at the commencement of the action, and the *onus* is upon the plaintiff to show the contrary.

Assumpsit, in Fayette Superior Court. Tried before Judge BULL, at March Term, 1857.

Edward H. Evans brought assumpsit against Smith H. Griffin, on a promissory note for forty-two dollars, dated 17th November, 1852, payable to plaintiff or *bearer*, on the 25th December thereafter. The suit was instituted 4th August, 1854.

The defendant pleaded the general issue ; and further, filed a plea of set off, claiming that plaintiff was indebted to him the sum of forty-three dollars and eighty-six cents, by note and account. The note was payable to Rogers & Spencer, or bearer, and was for $18 60, due one day after date, and dated 13th April, 1850.

Plaintiff read the note and closed

Defendant then offered the note referred to in his plea of set-off. Plaintiff objected to its introduction, unless defendant would first show that the note was transferred to him before its maturity, and before the commencement of the suit.

The Court sustained the objection, to the extent, that defendant must show that he had the note in his possession at the commencement of the suit.

Defendant then offered in evidence, the credits endorsed on the note, as follows : "Rec'd on the within note, five dol-dollars. Feb. 20, 1851." "Rec'd on the within note, one dollar. 25th March, 1851."

He also introduced a witness, who testified, that he was acquainted with the hand-writing of defendant, and from his knowledge of it, said credits were in his hand-writing.

Upon this testimony, the Judge admitted the note, and defendant closed.

Plaintiff in reply, offered his attorney, *J. S. Blalock, Esq.,* who testified, that he was acquainted with the hand-writing of defendant, and from his knowledge of the same, he did not believe the entries on said note were in the hand-writing of defendant.

The Court charged the Jury, that before the defendant

could be allowed the amount of the note plead as a set-off, he must show that he had possession of it at the commencement of the suit, and they must determine *that fact* from the evidence.

That the law would not presume a negotiable instrument, payable to bearer, was transferred before maturity, when plead as a set-off.

To which charge the defendant excepted.

The jury found for the plaintiff, the full amount of the note sued on.

And defendant excepts, and tenders his bill of exceptions.

STONE, for plaintiff in error.

BLALOCK, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

The question in the case is, when a negotiable note is pleaded as a set-off, on whom does the burden of proof rest, to show that the defendant was in possession of the paper at the time the action was commenced?

It is a well settled rule, that every holder of a negotiable note is considered, *prima facie*, to be a *bona fide* holder; that is, he is presumed to have taken it before due. Hence, in an action by an indorsee, against the maker of a promissory note, if payment to the original payee is relied on, the *onus* is upon the defendant to show that the money was paid before the note was transferred. *Chitty on Bills*, 248 ; *5 Mass. Rep.* 335.

Why should not the same rule prevail in favor of the defendant, under the plea of a set-off, which is but a cross action against the plaintiff? We see no reason to the contrary.

Judgment reversed.